CITY OF COLUMBUS, APPELLEE, *v.* WATERMAN, APPELLANT.

(No. 73AP-387—Decided April 16, 1974.)

*Mr. James J. Hughes, Jr.,* city attorney, *Mr. Daniel W. Johnson,* city prosecutor, and *Mr. Clarence Swearingen,* for appellee.

*Mr. Robert M. Draper,* for appellant.

HOLMES, J. This matter involves an appeal of a jury verdict and judgment thereon in the Municipal Court of Franklin County, finding defendant, the appellant herein, guilty of violating ordinance No. 2355.02 of the city of Columbus, the affidavit specifically charging that Joseph Waterman "did unlawfully obstruct Police at the scene of an arrest, to wit, by failing to depart and remain out of the way at an arrest."

The facts in brief upon which this appeal rests are as follows. The defendant was, on the 2nd day of December, 1972, along with a lady friend, walking on South High Street in the city of Columbus, at or about the El Toro Lounge, where a number of police cars had been called in order to assist an officer in the arrest of a man identified as Roscoe Dean.

The testimony indicated that Roscoe Dean, an escapee from a mental institution in Columbus, Ohio, had been intoxicated and was raising a certain disturbance in the El Toro Lounge and a number of officers proceeded to arrest Dean and place him in a police wagon located in front of the lounge. One of the officers involved, a Sergeant McCormick, the senior officer at the scene, testified that he had ordered his subordinates to clear the streets, in that a number of people had gathered at the scene in order to determine what was going on at such location.

There was further testimony that, upon the order from one of the officers for the crowd to disperse, the crowd generally began to move in both directions on High Street, but that Joseph Waterman remained standing some forty feet from the cruiser in which the arrested Roscoe Dean was being held.

Sergeant McCormick's testimony reflects that he first saw the defendant, Mr. Waterman, after he had arrested Roscoe Dean and had placed the latter in the police wagon. The sergeant further testified that at such time the police paperwork, including the arrest form U-10, was being processed and that the arrest of Mr. Dean had been completed, and that there were still people standing on the sidewalk, but that there was no disturbance at such time.

There was further testimony by Officer Smith, who had arrived at the scene, that he had asked people in general if they would move and get out of the area, and he had specifically ordered Mr. Waterman to leave but the latter refused.

Further, an Officer Wray testified that he also had asked the defendant to leave the area but that the defendant refused, stating that he desired to stay at such position because he was an attorney and was going to stand right there to make certain that the man in the wagon, who had been arrested, was not beaten. Upon this answer, and Mr. Waterman not moving, Officer Wray proceeded to place him under arrest for interfering with the work of the police officers.

The defendant, in essence, assigns the following errors:

1. The trial court erred in its charge to the jury and

in overruling defendant's objection to the charge that: "The act of standing is a physical act. A police officer may legally require persons to depart from the general area where an arrest of another person or persons is being made."

2. "The trial court erred in overruling defendant's objections to the charges and refusing to give the suggested charges furnished by the defendant as follows:

"(a) A citizen has the right to be on the public streets and sidewalks.

"(b) Access to them for the purpose of exercising the right of free speech and assembly cannot be denied.

"(c) You must find that the defendant used force to interfere with the officer.

"(d) If you find that the defendant only possibly questioned or criticized the police, then you must find him not guilty.

"(e) The mere fact that a person who testifies and is in police uniform is not entitled to any more weight of evidence than any other.

"(f) The number of witnesses which is presented by either side does not constitute a greater weight of evidence.

"(g) The first thing you must understand in considering your verdict is that no weight at all is to be given to the fact that police officers have arrested the defendant or that they have testified against him.

"(h) Statements of police officers are entitled to no greater weight than anyone else's.

"(i) No person is to be considered more believable because he is a police officer."

3. "The trial court erred in that the said verdict and judgment is against the manifest weight of the evidence and said evidence did not sustain the verdict and judgment beyond a reasonable doubt."

4. "The trial court erred in overruling the motion of the defendant to dismiss at the conclusion of the City's case and again at the conclusion of all evidence."

5. "The trial court erred in overruling the motion for a new trial."

We shall discuss the first assignment and the second assignment of error together, in that both allude to the instructions to the jury and the objections thereto, as well as the proffered instructions as presented by the defendant at the conclusion of the evidence at the trial.

We sustain the first assignment of error set forth in the defendant's brief in that the instruction given by the trial court, although accurate in part, is misleading and erroneous when taken as a whole, particularly as it relates to the second portion of the instruction set forth in this decision, to the effect that a police officer may legally require persons to depart from the general area where an arrest of another person, or other persons is being made.

The pertinent part of Columbus Code 2355.02, which the defendant is charged with violating, is as follows:

"* * * No person shall in any way hinder, obstruct, resist or otherwise interfere with any duly authorized officer or member in the discharge of his official duties, or attempt to prevent any such officer or member from arresting any person, or attempt to rescue from such officer or member any person in his custody."

It may be noted that the quoted portions of such ordinance proscribe that (1) no person shall in any way hinder, obstruct, resist or otherwise interfere with any duly authorized officer or member in the discharge of his official duties; (2) or attempt to prevent any such officer or member from arresting any person; (3) or attempt to rescue from such officer or member any person in his custody.

We are not confronted in this case with situations (2) or (3), in that the affidavit and warrant here charge that Joseph Waterman "did unlawfully obstruct Police at the scene of an arrest, to wit, by failing to depart and remain out of the way at an arrest."

Pursuant to the first clause of such quoted ordinance, it must be shown that there was an act, or acts, on the part of the defendant, that constituted hindrance, obstruction, resistance, or interference with the discharge of the duties of an authorized officer. The duties of the police officer that might have been interfered with or obstructed were not the

acts of clearing the area to avoid possible congestion, unless there is an statutory duty imposed upon a person to obey the order of the police officer.

There are certain statutes and ordinances that confer upon police officers the authority to require persons to move from a given area, such as Columbus Code 2375.04, which deals with persons obstructing free passage on a sidewalk. Another example of the authority conferred upon police officers to give lawful orders or directions is to be found in R. C. 4511.02, relating to traffic control.

Further, as prohibited by R. C. 2923.43, no person may willfully obstruct, impede, or hamper, in any way, the lawful operations of policemen at the scene of fires, accidents, disasters, or emergencies of any kind, and no person shall willfully fail to obey the lawful orders of law enforcement officers engaged in the performance of their duties at the scene of such fires, accidents, disasters or emergencies.

Additionally, R. C. 2923.51, the riot control law, provides the authority for law enforcement officers to give orders to persons to disperse and leave the general area "where five or more persons are engaged in violent or tumultuous conduct which creates a clear and present danger to the safety of persons or property * * *."

However, in this instance, as previously stated, the city is relying upon 2355.02, which does not expressly or by implication give police officers the authority to require persons to move from an area unless there is a hindrance, obstruction, resistance or interference with the discharge of the officer's official duties.

If someone's mere presence prevents the police officer from performing his duty, the officer may require such person to move far enough so as to permit the officer to perform his duty, and a willful failure to do so may constitute an obstruction, or interference, with the officer in the performance of his duties. However, there is no such evidence in this case.

In reviewing the record herein, there is no evidence that Joseph Waterman hindered, obstructed, resisted or otherwise interfered with any duly authorized officer or member in the discharge of his official duties or prevented

any such officer from arresting any person or attempting to rescue him. The facts herein show that the person who was disturbing the peace within the lounge had, in fact, been arrested, and the arrest was complete. The man had been placed in the police wagon, and the defendant and his girlfriend were some forty feet away from the El Toro Lounge and were doing absolutely nothing but standing and watching the proceedings. There has been no allegation or proof that the defendant was blocking the sidewalk, or any part of the area in which the arrest was taking place, or made any move to interfere with or obstruct the procedures of the arrest in question here.

Significantly, the most that the evidence indicates is that defendant was merely a bystander who refused to leave the general area when requested to do so by the police officers, but defendant's remaining in no way interfered with any duty the officers were performing or anything they were doing except their desire to have defendant leave the area. There is no claim that defendant's mere presence was in violation of law, or that his remaining there was in violation of any specific statute or ordinance. Rather, there is the bare assertion that one who does not do that which a police officer tells him to do at the scene of an arrest *ipso facto* is obstructing the police.

It must also be borne in mind that the precise charge against defendant was that he obstructed the police "by failing to depart *and remain out of the way* at an arrest." Failing to act, after a request to "remain out of the way at an arrest," in such a manner as to impede the police in making and completing the arrest might well constitute an offense under Columbus Code 2355.02. However, there was no evidence that defendant was "in the way" or that he failed to "remain out of the way." Simply stated, there was no evidence that Mr. Waterman committed the offense with which he was charged, which necessarily is that defined in the affidavit.

Thus, even assuming that the evidence would indicate that defendant obstructed the police in some manner other than that with which he was charged, a conviction cannot be based upon evidence establishing a manner of obstruct-

ing other than that specified in the affidavit. See *State* v. *Lewis* (1970), 21 Ohio St. 2d 203. However, as indicated above, we do not find evidence in the record showing the police were obstructed, in any manner. The evidence merely shows that, despite several requests by police, the defendant refused to depart from the general area where an arrest of another had been made and was being completed. If such a refusal to follow the request of the police is to constitute an offense, it must be specifically made so by statute or ordinance. The refusal, under such circumstances, does not constitute an obstruction of the police. Therefore, the first assignment of error is hereby sustained.

The second assignment of error relates to those additions to the general instructions of the jury which were requested by the defendant and rejected by the court. It is our view that such instructions, in part at least, would have been curative of that which had been given previously by the trial court and objected to by this defendant; i. e., the instruction relating to the act of standing and such being a physical act which, combined with the person's presence in the general area, was specified by the court as constituting a violation of such section.

A number of the proffered instructions to the jury were, we feel, correctly explanatory of such prior instruction. Number one, as proffered by the defendant, was to the effect that a citizen has the right to be on the public street and sidewalks, and his mere presence in an area where unlawful conduct is underway does not constitute an offense. We believe this to be a correct general statement of the law and should have been given by the trial court in explanation of his prior instruction.

The proffered instruction number two, as such relates to the act of a person standing on a public street or similar area as being an exercise of First Amendment rights, is not necessarily applicable to this matter, and we shall not pursue this claim in depth. Neither is the proffered instruction number three precise in its legal analysis as such relates to this matter; nor do we accept the proffered instruction number four as to the impossibility of finding a defendant guilty where he has only questioned or criticized the police in the carrying out of their particular duties.

I believe the proffered instruction number five to be a correct one, but such should have been proffered at an earlier time by a written instruction to the court, so the refusal of such is not error. The same comments may be made as to the proffered instruction number six, as were made to instruction number five.

As to the third assignment of error, we hold that, upon a full review of the record, the verdict and judgment thereon were against the manifest weight of the evidence and contrary to law for the reasons stated above.

The fourth assignment of error is affirmed in that the motion of the defendant to dismiss at the conclusion of the city's case should have been sustained and the fifth assignment of error is affirmed in that the motion for a new trial should also have been sustained.

For all the foregoing reasons, the judgment of the Municipal Court of Franklin County is hereby reversed.

*Judgment reversed.*

WHITESIDE and STRAUSBAUGH, JJ., concur.

STRAUSBAUGH, J., concurring in part.

Here there has been an arrest of a violently disturbed man on the charge of intoxication. The individual was handcuffed and placed into the police wagon where the evidence was that he continued in his wild behavior. The evidence further indicates that a large crowd of people congregated in the immediate area upon the sidewalk, and a large congestion of motor vehicles clogged a main downtown street. In an attempt to restore order, a sergeant gave instructions to one of the police officers to attempt to clear the area and restore order. It was at this time that the arresting officer issued a request to those on the sidewalk, including the defendant, to move on and clear the area. When the defendant refused to depart after several requests, he was placed under arrest for the violation of Columbus Code 2355.02, which reads in part:

"* * * No person shall in any way hinder, obstruct, resist or otherwise interfere with any duly authorized officer or member in the discharge of his official duties * * *."

In my opinion, the sergeant, who issued the original order, and his subordinate officer, acted in a proper manner. In other words, there is no question that the arresting officer was duly authorized and was in the discharge of his official duties.

It would also appear there was ample evidence to support a finding that the defendant did hinder and obstruct the officer in the discharge of his duty, of attempting to restore order, during and following the incident for which the officers had been summoned. The fact that the defendant was an attorney would have no bearing on the case. Were these the only facts and circumstances, I would have no hesitancy in affirming the judgment of the trial court.

However, there is an additional factor here which was not covered by the instructions of the trial court to the jury. The defendant testified:

"* * * I saw a man being beaten, and it was by two officers, not by one. Now, I can't say for sure that it was Officer Kirby or who it was. But I know there were two officers in there, and they were hitting this man.

"Now, before I had seen them go over to hit him, I had seen him, of course. He was handcuffed with his hands behind his back. He was just sitting there rocking. He was crying, he was mumbling incoherently. Of course, I was farther away and he was inside the wagon, so I especially couldn't hear what he said. And he was bleeding at the mouth."

Although the fact that the defendant was an attorney would not otherwise make any difference in this case, it would have had a bearing had the jury believed the testimony above set forth. As an officer of the court, the defendant had a duty to have witnessed any violations of the defendant's civil rights. Although it may be argued that the jury, by its finding, did not believe the defendant and did not find these facts to be true, the jury was not instructed with respect to these matters, which were clearly in evidence. There was a duty on the part of the trial court to so charge in the interest of substantial justice and, for this reason, I would reverse and remand this matter for retrial.